# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NADIA DAVOOD,              )<br>                            )<br>    Plaintiff,              )<br>                            )<br>    vs.                     )<br>                            )<br>MONDELEZ INTERNATIONAL INC. and )<br>LOCAL 300, BAKERY, CONFECTIONERY, )<br>TOBACCO WORKERS, & GRAIN    )<br>MILLERS, AFL-CIO,           )<br>                            )<br>    Defendants.             ) | Case No. 17 C 6979 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Nadia Davood sued her former employer, Mondelez International Inc., and the union that represented her, Local 300, Bakery, Confectionery, Tobacco Workers, and Grain Millers, AFL-CIO. Davood alleges that Mondelez fired her without just cause in violation of its collective bargaining agreement with Local 300 and that Local 300 failed to adequately pursue her grievance against the company. She also contends that Mondelez fired her in retaliation for filing a workers' compensation claim in violation of Illinois law. The defendants have moved for summary judgment.

## Background

Mondelez is a food manufacturer that operates a bakery in Chicago. In November 2015, Davood was working at the bakery on an overnight cleaning shift. Immediately before Davood's shift began, her supervisors reminded her of Mondelez's safety policy that required shutting down each piece of production machinery before

cleaning it.  Davood shut down the machines as required, cleaned them, and turned them back on in preparation for the next shift's production work.

Near the end of Davood's shift, a quality control supervisor, Andre Young, drew her attention to a foreign substance on one of the machines that she had cleaned. Davood says that Young told her that it was not necessary to shut down the machine in order to clean off the substance.  She also alleges that neither Mondelez's safety policy nor standard practice at the bakery required her to turn off the machine when "spot cleaning" a small area.  Young denies that he ever told Davood not to shut down a machine, and Mondelez contends that employees were required to shut down machines for *all* cleaning, including touch-ups.

It is undisputed that when Davood tried to clean the machine, she did not turn it off.  As a result, her arm was pulled into the machine, and she sustained serious injuries to her hand.  Shortly thereafter, the human resources department at Mondelez initiated the workers' compensation process on her behalf.  After determining the cause of Davood's injury, however, Mondelez fired her on November 20, 2015 for violating its safety rules.

In December 2015, Davood spoke with Don Haynes, an official in the Local 300 union that represented workers at the bakery, and requested that the union file a grievance regarding her termination.  The union submitted a grievance form on Davood's behalf on December 18, 2015.  Mondelez eventually denied Davood's grievance on February 1, 2016, stating that Davood had performed an unsafe act and that her termination was appropriate.  On May 18, 2016, Mondelez issued a letter again denying the grievance.  Davood contends that the union never informed her that it filed

the grievance or that it had been denied despite having multiple conversations with her over several months, an allegation that the defendants deny.

Davood sued Mondelez and the union, alleging that Mondelez fired her without just cause in violation of the collective bargaining agreement and that the union breached its duty of representation by failing to file her grievance. She also alleges that Mondelez fired her in retaliation for filing a workers' compensation claim. The defendants have moved for summary judgment. For the reasons stated below, the Court grants Mondelez's motion with regard to the retaliation claim but otherwise denies the defendants' motions.

## Discussion

Summary judgment is appropriate if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Giles v. Godinez*, 914 F.3d 1040, 1048 (7th Cir. 2019). The moving party must show that "no reasonable jury could find for the other party based on the evidence in the record." *Martinsville Corral, Inc. v. Soc'y Ins.*, 910 F.3d 996, 998 (7th Cir. 2018). Though the Court construes the evidence and draws all reasonable inferences in Davood's favor, she must "present specific facts establishing a material issue for trial, and any inferences must rely on more than mere speculation." *Giles*, 914 F.3d at 1048.

**A.     Labor Management Relations Act claim**

Section 301 of the Labor Management Relations Act (LMRA), codified at 29 U.S.C. § 185, gives federal district courts jurisdiction over suits "for violation of contracts between an employer and a labor organization." *Rutherford v. Judge & Dolph Ltd.*, 707 F.3d 710, 714 (7th Cir. 2013). The Supreme Court has held that the statute permits

3

claims against both the union and the employer when an employee alleges that the union failed to pursue a grievance to mandatory arbitration. *See Vaca v. Sipes*, 386 U.S. 171, 185-86 (1967). Davood's claim is one such "hybrid" action because she alleges both that Mondelez breached the collective bargaining agreement by firing her without just cause and that her union breached its duty of fair representation by not adequately pursuing her grievance. *See Rupcich v. United Food & Commercial Workers Int'l Union*, 833 F.3d 847, 853 (7th Cir. 2016).

### 1. Statute of limitations

The defendants first argue that they are entitled to summary judgment because Davood's claim is time-barred. Hybrid claims under section 301 of the LMRA are subject to a six-month statute of limitations, measured from the date the plaintiff "discovers, or in the exercise of reasonable diligence should have discovered, that no further action would be taken on his grievance." *Moultrie v. Penn Aluminum Int'l, LLC*, 766 F.3d 747, 751-52 (7th Cir. 2014).

The defendants point to Davood's statement during her deposition that she hired a lawyer after she learned that the union had not submitted her grievance paperwork. They also note that Davood hired her first attorney no later than March 8, 2017. She did not file this suit until September 27, 2017, more than six months after March 8. The defendants contend that the undisputed facts therefore show that her claim is untimely.

Factual disputes preclude granting summary judgment on the basis of untimeliness, however. Although the defendants contend that the union decided not to pursue Davood's grievance to arbitration in May 2016, Davood points to a July 2017 agenda for a meeting between Mondelez and union officials in which Davood's

termination was identified as a grievance under discussion.[1]  The union admits that it continued to discuss Davood's grievance with Mondelez in July 2017.  Drawing all reasonable inferences in Davood's favor, the Court concludes that a jury could reasonably find that the union was still pursuing Davood's grievance in July 2017 and that her suit is therefore timely.

### 2. Breach

A union breaches its obligation to fairly process its members' grievances when it acts arbitrarily, discriminatorily, or in bad faith.  *Rupcich*, 833 F.3d at 853 (quoting *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991)).  To withstand summary judgment, Davood must point to evidence that "the union's behavior is so far outside a wide range of reasonableness[] as to be irrational."  *Id.*

The defendants contend that they are entitled to summary judgment on the question of breach.  First, they point out that in her complaint Davood alleged only that the union failed to process her grievance—an allegation that she now admits is untrue.  They argue that the Court should refuse to consider any further allegations of breach by the union because Davood has failed to amend her complaint to incorporate those allegations.

Although district courts have discretion to refuse to consider new factual allegations raised for the first time in the plaintiff's response to a motion for summary

---

[1] Mondelez argues that this agenda is inadmissible because it is not authenticated and that the Court may not consider inadmissible evidence at the summary judgment stage.  But "[d]ocuments produced by an opponent during discovery may be treated as authentic." *Fenje v. Feld*, 301 F. Supp. 2d 781, 809 (N.D. Ill. Dec. 9, 2003).  Although it is not clear on the record before the Court whether the defendants in fact produced the meeting agenda during discovery, the Bates stamp on the document suggests that it was produced by the union.  The Court therefore declines to rule the document inadmissible at this stage.

5

judgment, *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 860 (7th Cir. 2017), the Court declines to do so here. Davood's amended complaint omits the factual allegations on which she now relies, but the gravamen of her claim—that the union did not adequately pursue her grievance—remains the same. The defendants have not shown that this omission was made in bad faith or that considering the allegations in Davood's summary judgment brief would be unfairly prejudicial. *Cf. Holder v. Fraser Shipyards, Inc.*, 288 F. Supp. 3d 911, 933 (W.D. Wisc. 2018) (citing the lack of bad faith or prejudice in electing to consider factual allegations first raised in a brief opposing summary judgment). Under these circumstances, the Court will consider the disputed factual allegations in resolving this motion.

The defendants next argue that they are entitled to summary judgment because the undisputed evidence shows that the union did not act arbitrarily or in bad faith. They point out that the union advanced through multiple steps of the grievance process before ultimately deciding, in consultation with its attorney, not to pursue Davood's grievance to arbitration. Consultation with an attorney is relevant to whether the union's conduct was irrational. *See McKelvin v. E.J. Brach Corp.*, 124 F.3d 864, 868 (7th Cir. 1997).

For her part, Davood points to evidence of flaws in the union's investigation of her grievance. Two former union officials, Edward Burpo and Don Haynes, testified that the union's investigation into the incident that lead to Davood's termination consisted entirely of requesting information from Mondelez. Burpo stated that Mondelez only partially complied with that request and that the union never followed up to obtain complete information. Burpo and Haynes' testimony also suggests that the union did

6

not speak with Andre Young to determine if he instructed Davood not to turn off the machine that injured her.

An investigation that "reflects an egregious disregard for union members' rights constitutes a breach of the union's duty." *Truhlar v. U.S. Postal Serv.*, 600 F.3d 888, 893 (7th Cir. 2010) (internal quotation marks omitted). Drawing all reasonable inferences in Davood's favor, a jury could find that the union utterly neglected the core issue in her grievance: that she was simply acting at the behest of a supervisor when she cleaned the machine without turning it off. A reasonable jury could find that by failing to investigate this issue the union abdicated its responsibility to perform the bare minimum of investigation and thereby breached its duty to Davood.

### 3. Just cause for termination

To withstand summary judgment on her hybrid claim, Davood must also show that a reasonable jury could find that Mondelez fired her in violation of the collective bargaining agreement. It is undisputed that Mondelez may terminate employees only for just cause. Davood argues that there is a factual dispute about whether her termination was supported by cause and that a reasonable jury could therefore find that Mondelez breached the agreement.

Mondelez contends that no reasonable jury could find that it lacked just cause to terminate Davood. It cites its safety policy, implemented in 2013, which made it a fireable offense to fail to turn off machines before cleaning them. Mondelez also notes that it has terminated each of the employees who it determined violated that policy since it was put into effect.

By itself, the fact that Mondelez's policy made termination a possible

not speak with Andre Young to determine if he instructed Davood not to turn off the machine that injured her.

An investigation that "reflects an egregious disregard for union members' rights constitutes a breach of the union's duty." *Truhlar v. U.S. Postal Serv.*, 600 F.3d 888, 893 (7th Cir. 2010) (internal quotation marks omitted). Drawing all reasonable inferences in Davood's favor, a jury could find that the union utterly neglected the core issue in her grievance: that she was simply acting at the behest of a supervisor when she cleaned the machine without turning it off. A reasonable jury could find that by failing to investigate this issue the union abdicated its responsibility to perform the bare minimum of investigation and thereby breached its duty to Davood.

### 3. Just cause for termination

To withstand summary judgment on her hybrid claim, Davood must also show that a reasonable jury could find that Mondelez fired her in violation of the collective bargaining agreement. It is undisputed that Mondelez may terminate employees only for just cause. Davood argues that there is a factual dispute about whether her termination was supported by cause and that a reasonable jury could therefore find that Mondelez breached the agreement.

Mondelez contends that no reasonable jury could find that it lacked just cause to terminate Davood. It cites its safety policy, implemented in 2013, which made it a fireable offense to fail to turn off machines before cleaning them. Mondelez also notes that it has terminated each of the employees who it determined violated that policy since it was put into effect.

By itself, the fact that Mondelez's policy made termination a possible

consequence of Davood's alleged violation does not suffice to show that no reasonable jury could find that Mondelez lacked just cause to fire her. It is undisputed that Mondelez's policy did not *require* the termination of employees who breached its safety policy; rather, it permitted their termination under certain circumstances. The Seventh Circuit has held that it is at least an arguable interpretation of such provisions that a lesser penalty is appropriate in particular contexts. *See Clear Channel Outdoor, Inc. v. Int'l Unions of Painters & Allied Trades, Local 770*, 558 F.3d 670, 676 (7th Cir. 2009); *Arch of Ill., Div. of Apogee Coal Corp. v. Dist. 12, United Mine Workers of Am.*, 85 F.3d 1289, 1294 (7th Cir. 1996) ("Just cause is a flexible concept, embodying notions of equity and fairness, and is certainly open to interpretation by the arbitrator."). Though these cases do not conclusively interpret the "just cause" requirement in the collective bargaining agreement, they hold that it is least plausible to interpret permissive language in the clause to require the employer to exercise discretion and dole out punishment that is proportional under the circumstances. In this case, the collective bargaining agreement expressly required Mondelez to exercise its power of discharge "with justice and with regard for the reasonable rights of the employee." Davood's L.R. 56.1 Stmt., Ex. F, CBA Article 34 at 26. A reasonable jury thus could find that Mondelez lacked just cause for termination if it failed to properly exercise its discretion in determining whether to impose the most serious discipline available.

Moreover, there is evidence from a which a reasonable jury could conclude that Mondelez lacked just cause to fire Davood in the particular circumstances of this case. Davood testified that in failing to turn off the machine she was following the instruction

8

of quality control supervisor Andre Young.[2]  Moreover, both Davood and former union official Don Haynes testified that employees were not normally required to shut down machines for certain types of cleaning, "depending on how severe the leak may be or the contamination may be."  Davood's L.R. 56.1 Stmt., Ex. B, Haynes Dep. at 8:21-9:2.  If a jury credited this testimony, it could reasonably find that there were significant mitigating circumstances regarding Davood's alleged safety violation, and that Mondelez therefore lacked just cause to fire her.

Because a jury could find for Davood on the questions of breach and just cause, the Court denies summary judgment with respect to her claim under the LMRA.

**B.     Wrongful termination**

In count 2, Davood alleges that she was unlawfully terminated in retaliation for exercising her rights under the Illinois Workers' Compensation Act (IWCA).  *See Williams v. Office of Chief Judge of Cook Cty.*, 839 F.3d 617, 621 (7th Cir. 2016).  To withstand summary judgment on this claim, Davood must point to evidence from which a reasonable jury could find that (1) she was an employee before the injury, (2) she exercised a right under the IWCA, and (3) she was discharged for a reason causally related to her filing a claim under the IWCA.  *See id.* at 622-23.  Unlike claims for wrongful termination in violation of federal civil rights laws, retaliation claims under the IWCA require affirmative evidence of causation, and plaintiffs cannot rely on the *McDonnell Douglas* burden-shifting framework.  *Gordon v. FedEx Freight, Inc.*, 674 F.3d

---

[2] Although the defendants contend that Young was not Davood's superior, it is undisputed that her boss, Bob DiTola, instructed her to speak to Young after Young noticed a substance on a machine that Davood had already cleaned.  Under those circumstances, a jury could reasonably find that Davood was acting on orders from a supervisor.

769, 774 (7th Cir. 2012).

Mondelez argues that it is entitled to summary judgment on Davood's wrongful termination claim because the undisputed evidence shows that it fired her for violating its safety policy—not in retaliation for seeking workers' compensation. Mondelez has consistently maintained that Davood was fired because she broke an important safety rule. It argues that Davood has introduced no evidence that this explanation is false or pretextual.

Davood first argues that if a jury were to find that Mondelez lacked just cause to fire her, the jury could reasonably infer that the real motive for her termination was retaliatory. As Mondelez points out, however, a finding that its reason for terminating Davood may not have constituted just cause does not support an inference that its reason was false or pretextual. Even if it did, however, Davood cannot survive summary judgment simply by showing that Mondelez's explanation is pretextual. *See Gacek v. Am. Airlines, Inc.*, 614 F.3d 298, 303 (7th Cir. 2010) ("[T]he plaintiff in this case could not have prevailed merely by proving that the reasons given by the airline for firing him were unworthy of belief . . . .").

Second, Davood contends that Mondelez's practice of terminating employees who violated its safety policy was itself a form of retaliation. She argues that Mondelez knew that failing to turn off the production machines before cleaning would likely result in serious and costly injuries, and that it implemented its safety policy to avoid having to pay workers' compensation claims.

Even if it were unlawful for Mondelez to implement a safety policy for the purpose of reducing workers' compensation claims, this argument fails because it rests entirely

on speculation. Davood has introduced no evidence that would permit a finding that Mondelez's motive for adopting the policy was to minimize workers' compensation claims. Instead, she points to evidence that is only tangentially related to her claim. For example, she cites an e-mail from 2015 in which Mondelez identified the discipline issued to two employees and noted whether they had been injured. But this evidence shows only that Mondelez kept track of whether employees were hurt due to safety violations; it does not permit a reasonable inference that a desire to avoid paying workers' compensation motivated the underlying safety policies. Similarly, Davood's contention that Mondelez does not fire employees who suffer minor injuries is unsupported. Although employees who commit minor *violations* are not always terminated, Mondelez fired two employees who committed the same alleged infraction as Davood but who were not injured at all.

The Court concludes that Davood has not met her burden to point to evidence giving rise to a reasonable inference that Mondelez's motive for firing her was retaliatory. Mondelez is therefore entitled to summary judgment on this claim.

## Conclusion

For the foregoing reasons, the Court grants summary judgment in favor of Mondelez on Davood's state-law retaliation claim (count 2 of her complaint) but denies the defendants' motions for summary judgment on her federal section 301 claim (count 1) [dkt. nos. 49, 53]. The case is set for a status hearing on April 22, 2019 at 9:30 a.m. for the purpose of setting a trial date and discussing the possibility of settlement.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 11, 2019